[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Donald L. Woodin appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested for driving under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
The plaintiff advances two arguments as the bases of his appeal: (1) that the police illegally stopped the plaintiff, thereby rendering his subsequent arrest unlawful; and (2) that there was insufficient evidence in the record to support the hearing officer's finding that the plaintiff refused to be tested.
Evidence introduced at the administrative hearing that is relevant to the issues on appeal consists of the report of the state trooper who arrested the plaintiff, on the A 44 report form, along with that officer's supplementary narrative report; and the report of the town of Madison police officer who first encountered the plaintiff just prior to the arrival of the state police. The plaintiff also introduced the report of Brian E. Pape, Ph.D., which is critical of the reliability of the intoximeter machine that the police proposed to use in CT Page 1217 testing the plaintiff. No one testified at the hearing.
In support of his argument concerning the police investigation prior to his arrest, the plaintiff cites Fieldv. Goldberg, 42 Conn. Sup. 306 (1992), holding that an illegal stop is a basis for reversing the hearing officer s findings that there was probable cause for the plaintiff's arrest and that the plaintiff was arrested.
The present case is readily distinguishable from Field, however. In Field, the police stopped the accused while he was operating his vehicle on the road. They did so on the basis of a tip from a bystander. The court held that the information that the police had at the time they made the stop, including their observation of the plaintiff while he was operating his vehicle, was not sufficient to justify the stop. In the present case, the police had a tip, but the similarity ends there. The police officer came upon the plaintiff's vehicle already stopped on the shoulder of Interstate 95 at 2:15 AM, motor idling. When he approached the vehicle, he observed the plaintiff inside, slumped over onto the passenger seat. Not only did these facts justify a suspicion that something was wrong, they positively demanded that the officer investigate further. When he did, the plaintiff's conduct justified the police action that followed. The court finds nothing to criticize in the police handling of the initial investigation that led ultimately to the plaintiff's arrest. Field v.Goldberg, supra, does not apply to the circumstances of this case.
With respect to the refusal issue, the plaintiff argues that the evidence was insufficient to support the hearing officer's finding that the plaintiff refused to submit to the procedure requested by the police, which involved the use of an intoximeter breath testing machine. The police report, both in the form and in the narrative, states clearly that the plaintiff refused to submit to the test. The plaintiff objected to the admission of the report on the sole basis that it does not indicate that the intoximeter was certified. The hearing officer correctly overruled the objection on the basis that the omission was immaterial.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that CT Page 1218 this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Although there are exceptions to this rule, the plaintiff has advanced no reason why it should not be followed in this case. Here, the police report provided ample substantial evidence to support the hearing officer's finding that the plaintiff refused the test requested by the police.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v.Freedom of Information Commission, 208 Conn. 442, 452 (1988). In this case, the court finds no basis for concluding that the commissioner acted improperly in any respect in suspending the plaintiff's license as required by § 14-227b. The administrative decision must, therefore, be affirmed.
The appeal is dismissed.
MALONEY, J.